## KEER, MAURER COMPANY *v.* UNITED STATES

No. 7904

Entry No. 8018.

(Decided on rehearing [Reap. Dec. 7764] November 10, 1950)

*Eugene R. Pickrell* (*Eugene R. Pickrell* and *Michael Stramiello, Jr.*, of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

COLE, Judge: Thallium sulphate, exported from Germany in March 1939, and entered at the port of New York the following month on the basis of export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), at 18 reichsmarks per kilo, less freight, insurance, and consular fee, was appraised at a foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), of 25 reichsmarks per kilo, net weight.

The case is before me at this time, after rehearing which was granted on plaintiff's motion, following my decision reported in *Keer, Maurer Company* v. *United States*, 23 Cust. Ct. 336, Reap. Dec. 7764.

Explanation for the long delay, between appraisement in 1939 and trial of the case approximately 10 years later, was given by counsel for plaintiff and set forth in my previous decision, Reap. Dec. 7764, *supra*. Counsel's statement is repeated here:

> The case has been on the docket for a considerable length of time and I should like to explain for the benefit of the Court that this importation was made prior to the war and that as a result of the war it was difficult to obtain the necessary proof to present before this Court in this litigation.

> After the war had ended considerable correspondence was carried on between the attorney for the plaintiff and the correspondent in Germany in an effort to obtain the necessary information and while the attorney for the plaintiff was in Germany last year he was finally successful in locating some people who could give us some information which finally led to the proof which we will offer today.

Plaintiff's supplemental affidavit, exhibit 4, offered at the trial on rehearing, is directed to the matter of usual wholesale quantities, an element of proof which was found to be rather confusing and "not satisfactory" in the original presentation of the case.

This clarifying evidence gives a materially different aspect to the record, which is now sufficient to support plaintiff's entered value. Presented in the form of an affidavit, it gives positive and definite meaning, heretofore vague and indefinite, to the witness' expression, "usual quantity," used in his initial affidavit, collective exhibit 1, with reference to sales in the foreign market for home consumption

and for export to the United States. The later affidavit, exhibit 4, *supra*, establishes the wholesale quantities for the present merchandise to be 50 to 100 kilograms on sales in Germany for home consumption, and 150 to 300 pounds (68 to 136 kilograms) on sales for export to the United States.

Analyzing the records of sales in wholesale quantities, as set forth in the affidavit, collective exhibit 1, on merchandise sold for home consumption, I find that the major portion of such sales was in 100 kilograms, which, therefore, is the usual wholesale quantity in determining the issue before me. *Jenkins Brothers* v. *United States*, 25 C. C. P. A. 90, T. D. 49093.

Considering both affidavits, collective exhibit 1 and exhibit 4, which comprise substantially all of plaintiff's proof and that were executed by the same individual (i. e., a clerk, employed by the foreign shipper, and who was familiar, during the period in question, with the production and sales of thallium sulphate sold for home consumption in Germany and also for export to the United States), I find that at the time of exportation of the thallium sulphate in question, such merchandise was sold for home consumption to all purchasers in the principal market of Beuel am Rhein, Germany, in the usual wholesale quantity of 100 kilograms at 18 reichsmarks per kilo, and that such or similar merchandise was not offered for sale or sold for export to the United States at any higher price.

There is no contradiction to these conclusions in evidence offered by defendant. On the contrary, some support therefor can be found in the customs agents' reports, exhibits 2 and 3.

Accordingly, I hold as matter of law that foreign value, section 402 (c), as amended, *supra*, is the proper basis for appraisement of the thallium sulphate in question, that such statutory value is the entered value, and that the export value, section 402 (d) of the Tariff Act of 1930, is no higher. Judgment will be rendered accordingly.